United States District Court
Southern District of Texas
**ENTERED**
March 31, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FELIX RAUDEL CASTRO RICARDO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-2186** |
| | § | |
| **KRISTI NOEM,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Before the Court is Petitioner Felix Raudel Castro Ricardo's Petition for Writ Habeas Corpus Pursuant to 28 U.S.C E 2241 (ECF No. 1) and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss an, in the Alternative, for Summary Judgment (ECF No. 5). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I.    BACKGROUND

Petitioner is a non-citizen who entered the United States without inspection in 2022. ECF No. 5 at 2. After initial entry, he was taken into immigration custody. *Id.* Immigration authorities then released Petitioner on his own recognizance subject to certain conditions, including regular reporting requirements with Immigrations and Customs Enforcement (ICE). *Id.* Respondents re-detained Petitioner at a routine ICE check-in appointment in December of 2025. ECF No. 1 at 2. He remains in custody. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

1 / 4

The Respondents allege that Petitioner changed his residential address without first obtaining permission to do so from the Office of Enforcement and Removal Operations as required by the conditions of his release, or, in the alternative, that he misrepresented his place of residence to the Office of Enforcement and Removal Operations. ECF No. 5 at 2. Respondents state that Petitioner notified the Immigration Court in January of 2025 that he had moved to Florida—prompting the Immigration Judge to transfer his case there—but that he later told the Office of Enforcement and Removal Operations that he lived in Houston. *Id.* Respondents do not otherwise allege that Petitioner violated any condition of his release. *See id.* He has continued to attend his immigration check-ins. *See* ECF No. 1 at 2.

## II.      ANALYSIS

Petitioner argues that his re-detention violates the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates his procedural due process rights, it declines to address the additional reasons that Petitioner believes his continued detention is unlawful.

The Court recently addressed a similar set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also

previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4.

The fact that Petitioner may have changed his address without first seeking permission from the Office of Enforcement and Removal Operations cannot justify his detention without bond absent a finding, by clear and convincing evidence, that Petitioner presents a flight risk or a danger to his community. There was no such finding here. The Government "created a liberty interest in Petitioner's release under § 1226(a) when it made the decision to release [him] in [2022]," and "that release cannot be revoked arbitrarily and without due process." *Bethancourt*, No. 4:26-CV-01169, 2026 WL 638482, at *6; *see also J.U. v. Maldonado*, 805 F. Supp. 3d 482, 498 (E.D.N.Y. 2025) (ordering release where the petitioner was re-detained "with no process at all, much less prior notice, no showing of changed circumstances, or an opportunity to respond"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025) ("Indeed, given the nature of the constitutional violation [petitioner] sustained here—i.e., Respondents' failure to conduct any kind of individualized assessment before [re-]detaining him—any post-deprivation review by an immigration judge would be inadequate."). The Court therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process, and release is the proper remedy.

### III.   RELIEF

The Court **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of his prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel or next friend of the time and place of his release **no less than three hours** prior to his release from custody.

3. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before April 3, 2026,** informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before April 15, 2026.**

Signed at Houston, Texas on March 31, 2026.

Keith P. Ellison
United States District Judge

4 / 4